## Case No. 13,172.

### SOMERVILLE v. LEE.

### [1 Hayw. & H. 30.] [1]

Circuit Court, District of Columbia. April 3, 1841.

#### DEED—CONSIDERATION—PAROL EVIDENCE.

A justice of the peace before whom a deed was acknowledged will be allowed to give parol evidence to explain whether an amount received at the time the deed was executed was a part of the consideration named in the deed.

This is a bill brought by the complainant [Rebecca Somerville, executrix of Henry V. Somerville] to enjoin the defendant [C. C. Lee] from advertising and selling under a deed of trust in which the defendant is trustee, and praying a release from said trust. The facts, as stated in the bill, and not denied by the defendant in his answer, are as follows: Henry Lee owed Henry V. Somerville $12,000. For the purpose of paying this debt Lee conveyed, on the 19th day of June, 1829, an estate situated on the Potomac river, called Pope's Creek, to Somerville, for $20,000, as stated in the deed of conveyance. On the same day Lee covenanted with Somerville, reciting the sale, that $8,000 was yet unpaid, but was not to be paid before the expiration of seven years; that he would look to the land sold as the sole means of obtaining the said sum of $8,000. At the earnest request of Lee, Somerville drew a draft on his father-in-law in Baltimore, Maryland, in favor of Lee, for $1,000, payable in one year. These transactions, viz., executing the deed, the covenant, and the draft, transpired on the 19th day of June, 1829. On the 20th of June, Somerville executed a deed of trust, reciting that he was indebted to Henry Lee,

1 [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

in the sum of $8,000; and to secure this debt executed a deed of trust to C. C. Lee, as trustee, conveying the same estate as was conveyed in the deed from Lee to Somerville, to said trustee. That $7,000 had been conceded as having been paid, and was credited on the note secured by the said deed of trust. The only controversy was as to whether the draft of $1,000 should be credited as part payment of the $8,000, or not. The complainant claimed that it was to be credited when the amount was received, and it having been received, it ought to be credited. The defendant held that it was no part of the $8,000, that the draft was drawn by Somerville before the deed of trust was executed, and could not have been received as part of the amount stated in the deed of trust. A letter was exhibited from Henry Lee to Somerville in which was recited a letter from C. C. Lee, that he (Somerville) claimed that the $1,000 should be credited on the amount due, but referred him to his brother, C. C. Lee, who was his attorney, having his power of attorney to do what he should think right and proper. The deposition of one of the justices of the peace who were present at the execution of the deed of trust and witnessed its execution, and being one of the justices of the peace before whom the deed was acknowledged, was offered as evidence, and it was allowed to be given notwithstanding the objection of the defendant, who contended that it was an attempt to contradict a deed by parol testimony. He deposed as follows: "I understood from both Lee and Somerville that the sum of $8,000 was the only sum to be paid by Somerville. The sum Lee owed Somerville was $12,000, and $20,000 was the price required for the Pope's Creek estate. The $1,000 was an after matter, and insisted on after the deeds were executed, and the whole business stopped. Somerville said he could not raise it, but he would consult Mr. Truman, his father-in-law, and find out whether he would permit him to draw on him for it, and that the $1,000 was in part of the $8,000, and not an additional $1,000; that after the deeds were executed Mr. Lee said he could not do without $1,000 to bear his expense to Algiers, which he said must be advanced out of the $8,000. I understood from both the parties the demand of the $1,000 was made and negotiated as proposed; that it was to be in part of the $8,000 when paid; no other sums were ever spoken of."

F. S. Key for complainant.

BY THE COURT. This cause having been set for hearing, by consent of parties, on bill, answer, replication, and proof, and the court, having heard the arguments of counsel, and duly considered the same, doth hereby, on this 3d day of April, in the year of our Lord 1841, adjudge, order and decree that the defendant be, and he hereby is, perpetually enjoined from all and every proceeding under the said deed of trust filed as an exhibit in the said cause; to make any sale of the said land and premises mentioned in the said deed of trust, for payment of any part of the said sum of money mentioned in said deed, and from compelling in any way the payment of any money on account of the purchase money intended to be secured by said deed of trust; and that he execute and deliver to the complainant a good and sufficient release of and from the said deed of trust, and pay the costs of this suit.